IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY A. SHEARER, | CIVIL DIVISION |
| Plaintiff, | Case No. _____ |
| v. | |
| ST. CLAIR HOSPITAL, | |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

A.  *Preliminary Statement*

1.  The plaintiff Kelly A. Shearer brings this action under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.,* to redress violations of her right to be free from employment discrimination based upon her disability. Because of the violations described herein, this Court is also empowered to exercise pendant jurisdiction pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* A jury trial is demanded.

B.  *Jurisdiction*

2.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12117(a), 28 U.S.C. § 1331 and under the doctrine of pendant jurisdiction.

3.  On or about August 8, 2013, the plaintiff filed a timely charge alleging discrimination with the Equal Employment Opportunity Commission ("EEOC"), docketed at 553-2013-01313. This charge was simultaneously cross-filed with the Pennsylvania Human Relations Commission.

4.  The EEOC issued a Notice of Right to Sue dated March 28, 2014.

5. The plaintiff filed this complaint within 90 days of receipt by the plaintiff of the Notice of Right to Sue.

C. *The parties*

6. The plaintiff Kelly A. Shearer is an adult individual who resides at 86 Rogers Drive, Coraopolis, PA 15108.

7. The defendant St. Clair Hospital is an entity doing business in the Commonwealth of Pennsylvania, and, specifically, in this district. The defendant has a principal place of business located at 1000 Bower Hill Road, Pittsburgh, PA 15243

8. The defendant is an acute care facility providing health care services to residents of southwestern Pennsylvania. At the time of her termination, the plaintiff was employed by the defendant as a registered nurse.

9. At all times material, the defendant employed more than fifteen employees.

10. The defendant was the plaintiff's employer and is an employer within the meaning of the ADA, 42 U.S.C. § 12111(5).

D. *Factual Background*

11. The plaintiff was hired by St. Clair Hospital on May 30, 2011. She was employed as a registered nurse in the emergency room department from the date of her hire through her termination on February 18, 2013.

12. The plaintiff is a disabled veteran. She enlisted in the Army on July 23, 1991 and was honorably discharged for medical reasons on January 10, 1996. While in the armed services, she sustained injuries to her left foot and was subsequently rated as 20% disabled as a result of the injuries she incurred during her service.

13. As detailed above, the plaintiff was employed as a registered nurse. Her duties included caring for emergency patients, triaging patients as part of the admission process, working closely with medical doctors to treat and care for patients, participating in codes to resuscitate patients and participating in the health planning and education of patients prior to discharge.

14. The plaintiff has a disability as defined by the Americans with Disabilities Act ("ADA"). Specifically, she suffers from severe degenerative joint disease of her left foot and avascular necrosis of her left foot, a physical and/or mental impairment that substantially limits one or more of the major life activities of the plaintiff. She sustained this injury while in the service; she was on maneuvers and jumped off a tank, fracturing her foot.

15. The plaintiff has been under the care and supervision of a physician for her disability.

16. The plaintiff could perform all the essential functions of her job either with a reasonable accommodation or without any accommodation. During the course of her employment, the plaintiff did, in fact, perform her job in a competent fashion and was a satisfactory employee.

17. At all times relevant, the plaintiff's managers, as well as individuals in the human resources department, were aware of the plaintiff's disability.

18. While she was employed by defendant, the plaintiff was subjected to discriminatory treatment because of her disability and her termination was the result of discriminatory animus.

19. Specifically, the plaintiff was scheduled for major reconstructive surgery for her left foot on November 19, 2012. She requested time off and was granted a Family Medical

Leave Act (FMLA) leave of absence. Her doctors anticipated that she would need a total of 12 weeks of leave before being able to return to work.

20. After her surgery and based upon her recovery, the plaintiff's doctors did not want her to return to work until February 11, 2013. However, her doctors did agree to release her back to work on January 25, 2013 as long as she worked reduced hours.

21. The defendant would not accommodate the plaintiff's request for reduced hours, even though a part-time position in the emergency room was available and unfilled.

22. The plaintiff returned to work on January 28, 2013, full time. She again requested a reasonable accommodation: she asked that she not be scheduled to work back-to-back twelve-hour shifts until she fully recovered.

23. Again, the defendant refused to accommodate this reasonable request. Instead, the defendant scheduled her for back-to-back twelve-hour shifts on February 2 and 3, 2013.

24. By the end of her shift on February 2, the plaintiff was experiencing pain in her left foot and by the end of her shift on February 3, the plaintiff was in so much pain that she could not return to work on February 4.

25. The plaintiff called the human resources department on February 4, 2013 and spoke with Amanda Klink regarding options that were available. The plaintiff was told that there were two weeks left on her current FMLA and that, if necessary, she could apply for extension for additional four weeks. The plaintiff was also advised to speak to Employee Health and see if they could help. The plaintiff spoke an Employee Health RN on February 4 to see if any accommodations could be made. The Employee Health RN said the only thing the plaintiff could do was to ask Peggy Furman, the emergency room nurse supervisor, that plaintiff be

placed in Intake which is predominantly a sitting RN position. The Employee Health RN also said that the St Clair only provides accommodations for those injured on the job.

26. Furman contacted the plaintiff on February 5, after the she had called off, and said that, if the plaintiff planned on working at St. Clair, she would need to give Furman a doctor's excuse immediately. The defendant's policy did not require an employee to bring in a doctor's excuse in this type of situation, but the plaintiff complied with the demand.

27. On February 6, the plaintiff went to Furman's office with the doctor's excuse. The plaintiff again asked Furman for an accommodation regarding scheduling; specifically, she requested that she be put on part-time until she had fully recovered from the surgery. The plaintiff told Furman that there was a part-time position in the emergency room that had not been filled. Furman said that she was interviewing someone for that position and that she did not think it would still be available upon the plaintiff's return. Furman said this situation "was really bad" and was upset with the fact that the plaintiff could not return to full-time duty immediately.

28. The human resources department approved the plaintiff's request for FMLA leave through February 20, 2013.

29. On February 18, 2013, two days before the expiration of the plaintiff's FMLA leave, Furman informed the plaintiff that St. Clair could no longer hold her position until she returned and that her employment was going to be terminated. The plaintiff talked to Amanda Klink in the human resources department to verify her termination status. Klink said "terminated means terminated." On February 21, the defendant sent a letter confirming that the plaintiff's employment was terminated; however, the letter stated that the reason for termination was due to the fact that the plaintiff did not return to work after the expiration of her leave. However, the plaintiff was actually terminated on February 18.

30. However, the reason given for her termination was nothing more than a pretext and the real reason for her termination was because of her disability. First, there was a part-time position open and unfilled that the plaintiff could have worked until she fully recovered from her surgery. The plaintiff's request to be assigned to this position was a reasonable request for an accommodation. The defendant refused to assign the plaintiff to this position. Further, as detailed above, other reasonable requests for accommodations made by the plaintiff were rejected by the defendant. Second, the defendant stated, on more than one occasion, that, as a matter of policy, it does not provide accommodations to employees who are not fully capable of performing their job duties unless the employee sustained an injury at work, in clear violation of the ADA. Finally, the plaintiff was told by Karen Fagan, a human resources employee, subsequent to her termination, that, even if she attempted to return to work with a partial limitation, her employment would still have been terminated because her disability was not the result of a work-related injury. Fagan also said that the plaintiff was considered "a liability" to St. Clair and that the decision to terminate her was "purely a business decision."

## FIRST CAUSE OF ACTION

31. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

32. The plaintiff has a disability and thus is protected against discrimination under the ADA.

33. The plaintiff was qualified for her position.

34. The plaintiff was able to perform her position with or without a reasonable accommodation.

35. Despite her qualifications, the plaintiff was terminated. The reasons given for her discharge were a pretext.

36. The defendant's discharge of the plaintiff was because of her disability, in violation of the ADA.

37. At all ties relevant, the defendant knew of the plaintiff's disability and/or regarded the plaintiff to be a disabled individual.

38. The defendant's violation of the ADA was committed with intentional or reckless disregard for the plaintiff's federally protected right to work in an environment free of discrimination.

## SECOND CAUSE OF ACTION

39. The preceding paragraphs are incorporated herein by reference as if they were fully set forth herein.

40. As a direct and proximate cause of its actions, detailed above, the defendant has violated the plaintiff's right to be free from discrimination and harassment under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 *et seq.*

WHEREFORE, the plaintiff respectfully requests judgment be entered in her favor and against the defendant and that the defendant be required to provide all appropriate remedies under the ADA and the PHRA, including attorney's fees and costs.

        Respectfully submitted,

*/s/ Michael J. Bruzzese*
Michael J. Bruzzese
Pa. I.D. No. 63306

JOHNSON, BRUZZESE & TEMPLE
1720 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

(412) 281-8676

Counsel for the plaintiff

Dated: May 13, 2014